## No. V.

### BOARD OF LAND COMMISSIONERS v. J. M. WEEDE.

(See Note 2.)

*On Appeal.*

SHELBY, JUSTICE.—In the argument of this cause ample justice has been done on both sides; but the act of Congress constrains the court to keep within narrow bounds, as it is conceived said act admits of but one construction, that is, that the government is entitled to an appeal in all cases. The act to which we refer will be found in the acts of Congress, volume 3, p. 1, entitled "An act securing the right of appeal"— the second section, "That in all cases where the Republic is concerned, as a party either in her own name or the name of her officers, an appeal may be taken in her behalf, without bond or security." This statute is affirmative and positive and repels the idea of a two fold construction, and is plain and obvious as to the intention of the lawmaker, and the authorities referred to by appellee's counsel, it is conceived, amply sustain this opinion; that, in Comyn's Digest, page 638, section 6, "when the intent of a statute is plain, nothing is left to construction;" another authority of the same import will be found in the eighth section of the same book. There it is stated that, "Where a law is plain and unambiguous, whether it be expressed in general terms, the Legislature should be understood to mean what they have plainly expressed, and consequently no room is left for construction." "But if from a view of the whole law, or from other laws in pari materia, the evident intention is different from the literal import of the terms employed to express it in a particular part of the law, that intention should prevail as the will of the Legislature." Thus evidently showing that where the will of the Legislature is obvious, as we believe in the act of Congress before recited it is, all the laws and rules of construction, by analogy or intendment, cease, and that the plain and indubitable meaning of the Legislature was that this court should entertain jurisdiction in all cases where the government was concerned either directly, or indirectly as in the name of her officers, that there might be an appeal to this court; and that therefore if the appeal was taken in this case, subsequent to the act of Congress above referred to of May, 1838, this motion can not prevail, but must stand or fall on the merits.

In the argument of this cause the only point mooted or relied upon was as to jurisdiction, and the law being clearly against the appellee, the reasons assigned are all remanded to await the final hearing.

*Remanded.*